UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORBERT STURDEVANT,

    Petitioner,

v.                                             Case No. 08-C-1121

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

On December 29, 2008, Norbert Sturdevant filed this petition pursuant to 28 U.S.C. § 2255, asserting that his conviction is unconstitutional because it is the product of, *inter alia*: ineffective assistance of counsel, judicial bias, violations of due process, court collusion with the prosecution, violations of Indian self-determination and sovereign immunity, a defective indictment, an illegal grand jury, bad faith, and discrimination.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases.

Petitioner did not file an appeal, and that is likely fatal to all but one of his claims. Post-conviction motions under § 2255 are not substitutes for direct appeals. *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003). Apart from some claims, such as ineffective assistance of counsel, assertions of error must be raised in one's direct appeal rather than in a post-conviction

motion. *Id.* Failure to raise such issues in one's direct appeal results in a procedural default unless the petitioner can show cause and prejudice. *Doe v. United States,* 51 F.3d 693, 698 (7th Cir. 1995). Although ineffective assistance of counsel can excuse a procedural default, the alleged ineffective assistance described in the petition does not explain why no appeal was ever filed. Accordingly, Sturdevant will be given forty-five days in which to show cause why his claims (apart from ineffective assistance) should not be dismissed for procedural default.

As noted, ineffective assistance claims are not subject to the usual procedural default rules. *Massaro v. United States,* 538 U.S. 500, 504 (2003). As such, a petitioner can raise ineffective assistance in a § 2255 motion even when no direct appeal was ever filed. The contours of Sturdevant's ineffective assistance claim are not clear from the petition, however. He asserts that his counsel failed to object to a charge "that was not available to be used in Indian country; failed to assert affirmative defense . . .; failed to file any motions to dismiss and would mechanically plea bargain out . . ." (Motion to Vacate at 4-5.) These claims are not sufficiently well-developed such that the government could be expected to meaningfully respond to them. In lieu of requiring an answer or responsive pleading from the government at the outset, I will direct the petitioner to file a brief articulating his grounds for why he believes his counsel provided ineffective assistance. The United States will then have forty-five days in which to file a response. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings ("judge must order the United States attorney to file an answer, motion, or other respond within a fixed time, or to take other action the judge may order.") Petitioner may then file a reply.

Petitioner has also filed a motion for appointment of counsel. For the reasons suggested above, I do not find that the appointment of counsel would serve the interests of justice. Petitioner

2

appears from his filings to have greater than average ability to communicate in writing, and the bulk of the motion to vacate will likely not proceed very far. The denial is without prejudice, however. In the event circumstances change, I will reconsider Petitioner's request for appointment of counsel.

Petitioner has also filed a motion for recusal. He asserts that this Court is prejudiced against him and is unlikely to reverse his conviction. I note initially that § 2255 motions are designed to be heard by the same judge who proceeded over the defendant's trial or imposed the sentence. Rule 4(a) of the Rules Governing Section 2255 Proceedings. Moreover, this Court hears countless cases involving Indians – both criminal and civil – and without any concrete or plausible evidence of bias I will not recuse myself on the grounds suggested by the petitioner.

Finally, the petitioner has filed a motion to proceed *in forma pauperis*. The motion will be denied as moot, as there is no filing fee for § 2255 motions.

In sum, the petitioner is directed to file a brief indicating why claims two through six should not be dismissed as procedurally defaulted. In particular, he should explain why he did not file an appeal. In that brief, he should also explain the basis of his ineffective assistance claim. This brief will be due February 27, 2009. The United States shall file a response and / or motion by April 10, 2009. Petitioner may file a reply brief, if any, by April 30, 2009. The motion for recusal, motion for appointment of counsel and motion to proceed *in forma pauperis* are **DENIED**.

**SO ORDERED** this    8th    day of January, 2009.

                 s/ William C. Griesbach
                 William C. Griesbach
                 United States District Judge