UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NORBERT STURDEVANT,

    Petitioner,

v.                                                             Case No. 08-C-1121

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

On May 6, 2008, Norbert Sturdevant pled guilty to assaulting a federal officer while on the Menominee Indian Reservation. On December 29, 2008, he filed this petition pursuant to 28 U.S.C. § 2255, asserting that his conviction is unconstitutional. In screening the petition, I noted that because Sturdevant did not appeal (due to a no-appeal clause in his plea agreement), most of his claims were likely barred. I directed him to show cause why these claims were not barred, but his response does not provide a valid reason why he should be allowed to plead guilty and then allege a number of legal errors, especially in the face of a valid appeal waiver clause. Accordingly, these claims will be dismissed.

Petitioner does have a claim for ineffective assistance of counsel in which he alleges his attorney was ineffective for failing to challenge the jurisdiction of this Court, the elements of the offense, and the indictment, which Petitioner alleges was defective. Ineffective assistance claims are properly brought in § 2255 actions, and his plea agreement excludes such claims from the waiver clause. Accordingly, that claim is properly before me.

As noted in the screening order, the ineffective assistance claim is not manifestly clear. Sturdevant argues that his attorney should have sought dismissal of the charge because he did not come into physical contact with the officer. He also argues that his attorney should have recognized that this Court lacked jurisdiction over the charge. Neither of these assertions has merit.

This Court had jurisdiction over the case because the charge was assault of a federal officer. Under Circuit precedent, that charge is of a federal nature and thus this court had jurisdiction over the case even though the crime was not specifically listed in the Indian Major Crimes Act, 18 U.S.C. § 1153. That Act also encompasses "crimes that are peculiarly federal," and the Seventh Circuit has concluded that there is federal jurisdiction "when the offense is one such as assaulting a Federal officer." *United States v. Smith,* 562 F.2d 453, 456 (7th Cir. 1977).

Petitioner also argues that the elements of his offense required the government to prove that he had physically touched the federal officer. But assault, by definition, does not require contact. As noted in the plea agreement Petitioner signed, assault includes an attempt or threat to injure coupled with the present ability to cause injury. The Seventh Circuit has summarized the law as follows:

> Proof of a violation of 18 U.S.C. § 111, which makes it unlawful to forcibly assault a federal law enforcement officer while that officer is engaged in the performance of official duties, requires proof that the defendant intended to commit a forcible assault. *United States v. Feola,* 420 U.S. 671, 684-86 (1975); *United States v. Staggs,* 553 F.2d 1073, 1076 (7th Cir.1977). The government is not required to establish that the defendant was aware that his intended victim was a federal officer or that the defendant intended to injure that officer. See *United States v. Moore,* 997 F.2d 30, 35 n. 8 (5th Cir.), cert. denied, 510 U.S. 1029 (1993) ("[n]o proof of intent to injure or knowledge that the victim is a federal officer is needed"); *United States v. Sanchez,* 914 F.2d 1355, 1358 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991) ("no intent to injure is required for the offense of assaulting a federal officer"). The government may establish proof of a forcible assault by demonstrating that the defendant made " 'such a threat or display of physical aggression toward the officer

as to inspire fear of pain, bodily harm, or death.' " *United States v. Schrader,* 10 F.3d 1345, 1348 (8th Cir.1993) (quoting *United States v. Walker,* 835 F.2d 983, 987 (2d Cir.1987)).

It is clear that nowhere does the statute require a showing that physical contact was made. Petitioner also challenges his indictment on the grounds that it failed to state that he knew the individual he assaulted was a federal official, but knowledge is not a requirement of the statute either. Accordingly, counsel's failure to raise these issues was not ineffective assistance.

For the reasons given above, the motion to vacate is **DENIED** and the case is **DISMISSED**.

**SO ORDERED** this      1st      day of May, 2009.

     s/ William C. Griesbach
William C. Griesbach
United States District Judge